# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL STEVEN HYDE, | ) |
| Petitioner, | ) |
| v. | ) 5:06-cv-00972-JFG-JEO |
| JOE W. BOOKER, JR., | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The petitioner, Samuel Steven Hyde, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition).[1] Therein, he seeks to have this court amend his sentence. *Id*. at 2. Premised upon a review of the matter, the court finds that the petition is due to be denied and dismissed.

## BACKGROUND

Hyde was sentenced on October 28, 2004, to concurrent terms of seventy months for receiving material containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 2, 2005, the petitioner filed a motion seeking an amended judgment and a revised commitment order. *See* Doc. 21 in *United States v. Hyde*, 04-S-094-NE (N.D. Ala. 2004) (hereinafter "*Hyde*"). The motion was based upon the following statement in the defendant's judgment and commitment order: "Alternatively, should the sentencing guidelines be determined unconstitutional, the defendant is committed to . . . be imprisoned for a term of 16 months. . . ." *See* Doc. 19 at 2 in *Hyde*. The sentencing judge, United States District Judge C.

---

[1] The petition is located at document 1 in the file.

Lynwood Smith, Jr., included that language "because defendant's sentences were imposed during the period of uncertainty following the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which addressed the State of Washington's determinate sentencing scheme, and held that such sentencing regimens violated a defendant's Sixth Amendment right to trial by jury whenever a trial judge imposed a sentence that was not based solely upon 'facts reflected in the jury verdict or admitted by the defendant.' *Id*. at 303." *Hyde*, Doc. 23 at 1 (footnote omitted).

In 2005, the Supreme Court decided *United States v. Booker & Fanfan*, 543 U.S. 220 (2005), holding that the Sixth Amendment principles announced in *Apprendi*[2] and *Blakely* apply to the United States Sentencing Guidelines.  The Supreme Court, however, did not take the further step of requiring that the government plead and prove enhancements to a jury.  Instead, it held that the statute making the Guidelines mandatory (18 U.S.C. § 3553(b)(1)) and the provision establishing standards of review on appeal (18 U.S.C. § 3742(e)) were severable from the statutory guidelines scheme.  As a result thereof, the Guidelines remain a relevant factor that the sentencing judge must consult, but they are now only advisory.  *Booker*, 543 U.S. at 264.

When the original sentencing court did not rule on his motion, the petitioner's counsel filed the present action on May 22, 2006. (Petition).  Therein, the petitioner again seeks an amendment of his sentence to reflect that he be imprisoned for a term of sixteen, rather than seventy, months.  *Id*. at 2.  The magistrate judge assigned this matter entered an order to show cause why the requested relief should not be granted.  The respondent filed a motion to dismiss or, in the alternative, to transfer this matter to the Eastern District of Tennessee where the

---

[2]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

petitioner is incarcerated. (Response).[3] The petitioner individually has filed two pleadings complaining that he has not received copies of the response.[4]

## DISCUSSION

In the usual habeas case filed pursuant to § 2241, the court would be inclined to grant the respondent's motion to transfer this action. However, under the circumstances, that would not be judicious for a number of reasons. First, Judge Smith has now ruled on the petitioner's motion in the criminal case. Specifically, he found that the motion to amend was due to be denied because the court was without jurisdiction to amend the judgment; *Booker* does not apply to collateral challenges to sentences imposed prior to the opinions in that case; *Booker* did not vest the court with an authority to modify the petitioner's sentence; and, even if the court had jurisdiction, it would not impose the sixteen month sentence because the original sentence was reasonable. (*Hyde*, Doc. 23 at 23-26). That decision is presently on appeal before the Eleventh Circuit Court of Appeals. Thus, to the extent that the petition can be read as seeking an order requiring a decision on the motion to amend, it is moot.

Second, to the extent that the petition might be deemed a motion to vacate pursuant to 28 U.S.C. § 2255,[5] it was untimely because it was filed beyond the one year statute of limitations. *See* 28 U.S.C. § 2255 at ¶ 6. The sentence became final on November 19, 2004.[6] The present

---

[3] The response is located at document 3.

[4] In one of the pleadings, the petitioner states that the record shows that he is proceeding *pro se* and therefore is entitled to this material. (Doc. 4 at 2). Contrary to the petitioner's statement, he is not proceeding *pro se*. The petition was filed by counsel and the court and the respondent have been serving his counsel with copies of the relevant pleadings as expected. The confusion is a consequence of the use of the term *pro se* in the court's standard order. (See Doc. 2 at 1).

[5] The petition references § 2255 in its text.

[6] The judgment was entered on November 5, 2004. Because the appeal time is ten days, the court has excluded weekend days.

action was not filed until almost eighteen months later.

Third, to the extent that the motion might be deemed as being filed pursuant to 28 U.S.C. § 2241, it is an improper petition. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).[7]

---

[7]To the extent that the petitioner could assert that he can file this action under § 2241 premised on the "savings clause" of § 2255, which provides as follows:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*,*

he would be incorrect. 28 U.S.C. § 2255.

Under the "savings clause," a court may entertain a § 2241 petition attacking a defendant's custody resulting from a federally imposed sentence only if the petitioner establishes that § 2255's remedy is inadequate or ineffective. *Means v. Vasquez*, 168 Fed. Appx. 900, 903, 2006 WL 405791 at *2 (11th Cir. 2006) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (holding that a prior unsuccessful § 2255 motion, alone, is insufficient to establish ineffectiveness)); *see also Moore v. Maldonado*, 165 Fed. Appx. 812, 814 (11th Cir. 2006). Under existing Eleventh Circuit law, the burden of producing evidence affirmatively showing the inadequacy or ineffectiveness of § 2255 relief rests with the petitioner. *Id*. Section 2255 remedies are inadequate or ineffective when:

> (1) the claim is based upon a retroactively applicable Supreme Court decision;
> (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and,
> (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244.

The Eleventh Circuit has explained that, if the "savings clause" of § 2255 applies "to open the portal to a § 2241 proceeding," the proper inquiry in that § 2241 proceeding will be "whether the petitioner can establish actual innocence of the crime for which he has been convicted. . . ." *Wofford*, 177 F.3d at 1244 n.3. The court further reiterated that the Anti-terrorism and Effective Death Penalty Act's restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005).

The petitioner's situation does not fit within the enumerated "savings clause" and he has made no argument that he is actually innocent. Therefore, his petition would be due to be denied and dismissed under § 2241.

4

## CONCLUSION

Premised on the foregoing, the petition is due to be denied and dismissed. An appropriate order will be entered.

DONE and ORDERED 31 January 2007.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.